**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MORRIS WILLIAMS, | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:26-cv-08952 |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'s**
**ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Morris Williams's ("Plaintiff") Original Petition (the "Petition") as follows:

**RESPONSES TO PLAINTIFF's ORIGINAL PETITION**

1. Allegation: "This is an action for damages within the jurisdictional limits of this Court, brought by Plaintiff, an individual consumer, against Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681g(a)(1), and Texas Business and Commerce Code §§ 20.03(a) and (c). Section 1681g(a)(1) requires a consumer reporting agency, upon request and proper identification, to clearly and accurately disclose all information in the consumer's file at the time of the request, subject to statutory exceptions. Texas Business and Commerce Code §§ 20.03(a) and (c) impose the additional consumer-file disclosure requirements alleged herein."

Response: Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies each and every allegation contained therein, including that it violated the Fair Credit Reporting Act ("FCRA") or Chapter 20 of the Texas Business and Commerce Code.

2. Allegation: "Jurisdiction arises under the Fair Credit Reporting Act ('FCRA'), 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under the FCRA may be brought in any appropriate United States district court, or in any other court of competent jurisdiction, without regard to the amount in controversy."

Response: Experian admits that Plaintiff has alleged jurisdiction pursuant to 15 U.S.C. § 1681p. Experian further states that Plaintiff alleges legal conclusions. To the extent a response is required, Experian denies the allegations.

3. Allegation: "This Court also has jurisdiction over this matter pursuant to Tex. Gov't Code § 27.031(a)(1), which grants the Justice Court jurisdiction over civil cases in which the amount in controversy does not exceed $20,000, exclusive of court costs."

Response: Experian states that Plaintiff alleges legal conclusions. To the extent a response is required, Experian denies the allegations.

4. Allegation: "Defendant is subject to the FCRA, Chapter 20 of the Texas Business and Commerce Code ('BUS & COM'), and to the jurisdiction of this Court because Defendant is a consumer reporting agency doing business in Texas that directed its consumer reporting activities, non-disclosure actions, and consumer interactions into Montgomery County, Texas."

Response: Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Experian states that the remaining allegations are legal conclusions not subject to admission or denial and, to the extent a response is required, denies each and every remaining allegation contained therein.

5. Allegation: "Venue is proper in Montgomery County, Justice Precinct Three, pursuant to Tex. Civ. Prac. & Rem. Code § 15.094(1), because all or part of the cause of action arose in this county and precinct. Plaintiff made the consumer-file disclosure requests at issue and accessed and reviewed Experian's responsive disclosures while physically located at an apartment along FM 1488 in the Conroe area of Montgomery County, Texas, within Justice Precinct Three. Plaintiff received, reviewed, and experienced the effects of Experian's alleged incomplete disclosures at that location."

Response: Experian states that the allegations regarding venue are legal conclusions not subject to admission or denial. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's location and activities and, on that basis, denies each and every allegation contained therein.

6. Allegation: "Plaintiff is an individual consumer and is a 'consumer' as defined by the Fair Credit Reporting Act ('FCRA'), 15 U.S.C. § 1681a(c), and Tex. Bus. & Com. Code § 20.01(1)."

Response: Experian admits that Plaintiff is a consumer under the FCRA and Tex. Bus. & Com. Code § 20.01(1).

7. Allegation: "Defendant is a business entity doing business in the State of Texas and is a 'consumer reporting agency' as defined by 15 U.S.C. § 1681a(f) and Tex. Bus. & Com. Code § 20.01(5). Specifically: a. Pursuant to 15 U.S.C. § 1681a(f), a consumer reporting agency is defined as any entity that regularly gathers or evaluates consumer credit and other data via interstate commerce to provide consumer reports to third parties for fees, dues, or on a cooperative nonprofit basis. b. Pursuant to Tex. Bus. & Com. Code § 20.01(5), a 'consumer reporting agency' is defined as a person regularly engaging in assembling or evaluating consumer information to furnish reports to third parties for compensation or on a nonprofit basis. Defendant's consumer-data evaluation operations place them within this defined category."

Response: Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and Tex. Bus. & Com. Code § 20.01(5). Experian states that subparts (a) and (b) purport to paraphrase statutes, which speak for themselves. Except as specifically admitted, Experian denies the allegations in this paragraph.

8. Allegation: "Defendant may be served with the process by serving its registered agent, CT Corporation System, at 1999 Bryan St. Ste 900 Dallas, TX 75201."

Response: Experian admits the allegations.

9. Allegation: “On June 22, 2026, and July 21, 2026, Plaintiff requested that Defendant disclose all information contained in Plaintiff’s consumer file pursuant to 15 U.S.C. § 1681g(a)(1).”

Response: Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

10. Allegation: “Defendant responded to Plaintiff’s request by providing a consumer-facing disclosure containing information concerning accounts maintained in Plaintiff’s file.”

Response: Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

11. Allegation: “Plaintiff requested, accessed, and reviewed the consumer-file disclosures at issue while physically present at an apartment located along FM 1488 in the Conroe area of Montgomery County, Texas, within Justice Precinct Three.”

Response: Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

12. Allegation: “Among the information appearing in Plaintiff’s disclosure was an account attributed to Spring Oaks Capital LLC, which Defendant presented using the truncated account number 11377XXXX. Defendant’s disclosure identified the account as a debt-buyer collection account with an original balance of $2,942. See Exhibit A”

Response: Experian states that Exhibit A speaks for itself. Experian otherwise states that is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

13. Allegation: “At the time of Plaintiff’s requests, Experian recorded and retained additional information concerning the account at issue that Experian did not disclose to Plaintiff, including complete account-identifying information, date-of-first-delinquency information, date-of-last-payment or last-activity information, and certain underlying account-history information.[FOOTNOTE OMITTED]”

Response: Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein, including the allegations of footnote 1. To the extent footnote 1 characterizes documents published by Experian, those documents speak for themselves.

14. Allegation: "The omitted information was associated with the Spring Oaks Capital LLC tradeline maintained in Plaintiff's consumer file and constituted information Experian recorded and retained concerning Plaintiff and the account at issue."

Response: Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

15. Allegation: "Despite recording and retaining this information, Experian's consumer-facing disclosure identified the Spring Oaks Capital LLC account only as account number 11377XXXX and omitted or truncated complete account-identifying information, date-of-first-delinquency information, date-of-last-payment or last-activity information, and certain underlying account-history information."

Response: Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

16. Allegation: "The information Experian omitted was not merely unrelated administrative or internal operational information. It concerned the identity, payment history, and account-level information associated with the Spring Oaks Capital LLC tradeline maintained in Plaintiff's consumer file."

Response: Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

17. Allegation: "Plaintiff requested his consumer file to review and verify the information Experian maintained concerning him, compare that information against his own records, determine whether the information was fair, complete, and accurate, and identify information requiring correction."

Response: Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

18. Allegation: "Because Experian omitted or truncated the account-identifying information, date-of-first-delinquency information, date-of-last-payment or last-activity information, and certain underlying account-history information described above, Plaintiff was materially hindered in comparing Experian's disclosure against his own records, identifying and verifying the complete information associated with the Spring Oaks Capital LLC account, determining whether and what information Experian maintained concerning that account was inaccurate or incomplete, and formulating meaningful, fully informed disputes and correction requests. The incomplete disclosure thereby impaired Plaintiff's ability to ensure fair and accurate reporting of his consumer information."

Response: Experian denies each and every allegation contained therein.

19. Allegation: "Experian's omissions therefore impaired Plaintiff's ability to identify, verify, dispute, and correct inaccurate or incomplete information in his consumer file and to ensure fair and accurate reporting before information from that file could be furnished to third parties."

Response: Experian denies each and every allegation contained therein.

20. Allegation: "Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein."

Response: Experian incorporates its responses to paragraphs 1 through 19 as if fully set forth herein.

21. Allegation: "Defendant is a 'consumer reporting agency' within the meaning of 15 U.S.C. § 1681a(f)."

Response: Admitted.

22. Allegation: "Plaintiff is a 'consumer' within the meaning of 15 U.S.C. § 1681a(c)."

Response: Admitted.

23. Allegation: "Pursuant to 15 U.S.C. § 1681g(a)(1), upon Plaintiff's requests and proper identification, Experian was required to clearly and accurately disclose to Plaintiff all

information in Plaintiff's consumer file at the time of each request, subject to the statutory exceptions."

Response: Experian states that the allegations contained therein purport to quote or paraphrase the FCRA, which speaks for itself. To the extent a response is required, Experian denies the allegations.

24. Allegation: "Accordingly, Experian was required under § 1681g(a)(1) to clearly and accurately disclose all information contained in Plaintiff's consumer file at the time of each request, not merely the information Experian elected to display in its consumer-facing disclosures. Experian failed to comply with that requirement by providing Plaintiff with disclosures that omitted information Experian recorded and retained in Plaintiff's consumer file at the time of Plaintiff's requests."

Response: Experian denies each and every allegation contained therein, including the legal conclusions.

25. Allegation: "Specifically, Experian possessed and maintained additional information concerning the account at issue but provided consumer-facing disclosures that omitted or truncated complete account-identifying information, date-of-first-delinquency information, date-of-last-payment or last-activity information, and certain underlying account-history information."

Response: Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

26. Allegation: "The omitted information concerned the Spring Oaks Capital LLC tradeline maintained in Plaintiff's consumer file and constituted information Experian recorded and retained concerning Plaintiff and the account at issue at the time of Plaintiff's requests."

Response: Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein.

27. Allegation: "Experian's failure to disclose that information materially hindered Plaintiff's ability to identify and verify the Spring Oaks Capital LLC account, reliably compare

Experian's file information against his own records, determine whether and what information maintained concerning the account was inaccurate or incomplete, and formulate meaningful, fully informed disputes and correction requests, thereby impairing Plaintiff's ability to ensure fair and accurate reporting of his consumer information."

Response: Experian denies each and every allegation contained therein.

28. Allegation: "Experian's failure to clearly and accurately disclose the foregoing information constitutes a violation of 15 U.S.C. § 1681g(a)(1)."

Response: Experian denies each and every allegation contained therein, including the legal conclusions.

29. Allegation: "Experian's violation caused Plaintiff concrete harm beyond the mere existence of a statutory violation. Plaintiff requested his file for the purpose of identifying, reviewing, comparing, and verifying the information Experian maintained concerning him. Experian's omission of the foregoing information materially hindered those efforts, impaired Plaintiff's ability to formulate meaningful, fully informed disputes and correction requests, and impaired his ability to ensure fair and accurate reporting of his consumer information. Plaintiff also suffered frustration, emotional distress, and time spent attempting to obtain, understand, and verify the required disclosure."

Response: Experian denies each and every allegation contained therein, including the legal conclusions.

30. Allegation: "Experian's noncompliance was willful within the meaning of 15 U.S.C. §1681n because Experian knowingly maintained information concerning Plaintiff while providing consumer-facing disclosures that omitted or truncated that information despite its statutory disclosure obligations. Alternatively, to the extent the conduct is found not willful, Plaintiff alleges negligent noncompliance under 15 U.S.C. §1681o."

Response: Experian denies each and every allegation contained therein, including the legal conclusions.

31. Allegation: "Plaintiff re-alleges and incorporates by reference all preceding paragraphs and allegations contained in this Petition as if fully set forth herein."

Response: Experian incorporates its responses to paragraphs 1 through 30 as if fully set forth herein.

32. Allegation: "Defendant is a consumer reporting agency subject to the requirements of Chapter 20 of the Texas Business and Commerce Code."

Response: Experian admits that it is a consumer reporting agency as defined by Tex. Bus. & Com. Code § 20.01(5).

33. Allegation: "Pursuant to Tex. Bus. & Com. Code § 20.03(a), Defendant was required, upon Plaintiff's request and proper identification, to disclose to Plaintiff in writing all information pertaining to Plaintiff in Defendant's files at the time of the request."

Response: Experian states that the allegations contained therein purport to quote or paraphrase Tex. Bus. & Com. Code § 20.03, which speaks for itself. To the extent a response is required, Experian states that the allegations are legal conclusions not subject to admission or denial, and denies them on that basis.

34. Allegation: "Pursuant to Tex. Bus. & Com. Code § 20.03(c), Defendant was required, upon Plaintiff's request and proper identification, to provide Plaintiff with a copy of Plaintiff's file as directed by the Fair Credit Reporting Act and applicable regulations."

Response: Experian states that the allegations contained therein purport to quote or paraphrase Tex. Bus. & Com. Code § 20.03, which speaks for itself. To the extent a response is required, Experian states that the allegations are legal conclusions not subject to admission or denial, and denies them on that basis.

35. Allegation: "Defendant failed to comply with Tex. Bus. & Com. Code § 20.03(a) by failing to disclose to Plaintiff in writing all information pertaining to Plaintiff in Defendant's files at the time of Plaintiff's requests, including the complete account-identifying information, date-of-first-delinquency information, date-of-last-payment or last-activity information, and

certain underlying account-history information concerning the Spring Oaks Capital LLC account described above."

Response: Experian denies each and every allegation contained therein.

36. Allegation: "Defendant further failed to comply with Tex. Bus. & Com. Code § 20.03(c) by providing Plaintiff with a consumer file disclosure that omitted or truncated the information described above."

Response: Experian denies each and every allegation contained therein, including the legal conclusions.

37. Allegation: "Defendant's conduct constitutes violations of Tex. Bus. & Com. Code §§ 20.03(a) and (c). To the extent Defendant's violations were willful, Plaintiff seeks the greater of three times the amount of Plaintiff's actual damages or $1,000, together with recoverable court costs, pursuant to Tex. Bus. & Com. Code § 20.09(a)."

Response: Experian denies each and every allegation contained therein, including the legal conclusions.

38. Allegation: "Alternatively, to the extent Defendant's violations were negligent, Plaintiff seeks the greater of Plaintiff's actual damages or $500, together with recoverable court costs, pursuant to Tex. Bus. & Com. Code § 20.09(b)."

Response: Experian denies each and every allegation contained therein, including the legal conclusions.

**REQUEST FOR RELIEF**

39. Allegation: "Plaintiff respectfully requests judgment against Defendant for monetary relief within the jurisdictional limits of this Court, not to exceed $20,000, exclusive of court costs, including: a. Actual damages to the extent authorized by 15 U.S.C. §§ 1681n and 1681o; b. Statutory damages to the extent authorized by 15 U.S.C. § 1681n; c. Punitive damages to the extent authorized by 15 U.S.C. § 1681n; d. The greater of three times Plaintiff's actual damages or $1,000 for willful violations of Chapter 20, pursuant to Tex. Bus. & Com. Code § 20.09(a), or, alternatively, the greater of Plaintiff's actual damages or $500 for negligent violations

pursuant to Tex. Bus. & Com. Code § 20.09(b); e. Court costs and filing fees recoverable by law; f. Any other recoverable relief authorized by law and within the jurisdictional limits of this Court; and g. Such other and further relief as the Court deems just and proper."

Response: Experian denies that Plaintiff is entitled to the relief he claims, or to any relief whatsoever.

**GENERAL DENIAL**

Experian denies each and every allegation of the Petition not specifically admitted herein, including any allegations contained in headings or footnotes.

**AFFIRMATIVE DEFENSES**

In further response to Plaintiff's Petition, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them:

**FIRST AFFIRMATIVE DEFENSE**

**(Standing / No Concrete Injury)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks Article III standing. Plaintiff has not suffered a concrete injury in fact traceable to Experian's conduct that is redressable by a favorable judicial decision.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiff has failed to mitigate his alleged damages, including, without limitation, by failing to request from Experian or from the furnisher or original creditor any information he contends was omitted from his disclosure.

**THIRD AFFIRMATIVE DEFENSE**

**(Statutory Compliance)**

Experian complied with its obligations under the FCRA and Chapter 20 of the Texas Business and Commerce Code.

**FOURTH AFFIRMATIVE DEFENSE**

**(Fault of Plaintiff or Third Parties)**

Experian is informed and believes and thereon alleges that any damages allegedly sustained by Plaintiff were caused, in whole or in part, by the acts or omissions of Plaintiff or of third parties over whom Experian has no control, including any furnisher of information, and not by Experian.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Willfulness)**

Experian did not willfully or negligently fail to comply with any requirement of the FCRA or Chapter 20. Experian's practices and its interpretation of its disclosure obligations were, at a minimum, objectively reasonable, which precludes any finding of willfulness and any award of statutory or punitive damages under 15 U.S.C. § 1681n or enhanced damages under Tex. Bus. & Com. Code § 20.09(a).

**SIXTH AFFIRMATIVE DEFENSE**

**(Intervening or Superseding Cause)**

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Petition, there was an intervening, superseding cause or causes leading to such alleged injuries and, as such, no act or omission of Experian was a proximate cause of the alleged injuries.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Immunity)**

Plaintiff's state-law claims are barred by the qualified immunity of 15 U.S.C. § 1681h(e), because they are based on information disclosed pursuant to 15 U.S.C. § 1681g and Plaintiff does not allege, and cannot show, that Experian acted with malice or willful intent to injure him.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Arbitration)**

Experian alleges on information and belief that Plaintiff's claims may be subject to a binding agreement to arbitrate between Plaintiff and Experian or its affiliates, and Experian reserves its right to compel arbitration.

**NINTH AFFIRMATIVE DEFENSE**

**(Federal Preemption)**

Plaintiff's claims under Chapter 20 of the Texas Business and Commerce Code are preempted, in whole or in part, by the FCRA, including 15 U.S.C. §§ 1681h(e) and 1681t, to the extent they seek to impose requirements different from or in addition to those imposed by the FCRA.

**TENTH AFFIRMATIVE DEFENSE**

**(Attorney's Fees)**

Experian affirmatively pleads that it is entitled to attorney's fees if the Court determines that Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or 1681o of the FCRA in bad faith or for purposes of harassment. See 15 U.S.C. §§ 1681n(c), 1681o(b).

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Petition herein and that this action be dismissed in its entirety;

(2) For costs of suit herein incurred, and for attorney's fees to the extent permitted by 15 U.S.C. §§ 1681n(c) and 1681o(b); and

(3) For such other and further relief as the Court may deem just and proper.

DATED: October 19, 2026

Respectfully Submitted,

By: *<u>/s/ Steven J. Owens</u>*
Steven J. Owens
State Bar No. 24098212
SDTX Fed. Bar No. 3504157
SOwens@kasowitz.com
Erika Medina
State Bar No. 24121006
SDTX Fed. Bar No. 3674536
EMedina@kasowitz.com
KASOWITZ LLP
1415 Louisiana Street, Suite 2100
Houston, Texas 77002
(713) 220-8800
(713) 222-0843 (fax)

By: *<u>/s/ Jared A. Boone</u>*
Jared A. Boone
JABoone@venable.com
VENABLE LLP
227 W. Monroe Street, Suite 1900
Chicago, IL 60606
312-820-3400
*Pro Hac Vice Pending*

*Attorneys for Defendant Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF. I further certify that a true and correct copy of the foregoing document was served on Plaintiff, proceeding *pro se*, via U.S.P.S. First-Class Mail to:

Morris Williams
9311 FM 1488 RD 30-111
Magnolia, TX 77354

*/s/Steven J. Owens*
Steven J. Owens