**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MORRIS WILLIAMS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:26-cv-08952 |
| | § | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'s**
**ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Morris Williams's ("Plaintiff") Amended Complaint (Dkt. 9) (the "Amended Complaint") as follows. Experian denies that it violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, or any other law. The numbered paragraphs below correspond to the numbered paragraphs of the Amended Complaint.

**RESPONSES TO PLAINTIFF'S AMENDED COMPLAINT**

1. Experian admits that Plaintiff purports to bring claims under the FCRA. Experian denies that it violated the FCRA or any other law. Experian denies any remaining allegations of paragraph 1.

2. Paragraph 2 and footnote 1 quote or characterize the FCRA, case law, and legislative history. Those sources speak for themselves. Experian denies any allegations inconsistent with them. To the extent a further response is required, Experian denies the allegations of paragraph 2.

3. Paragraph 3 and footnote 2 quote or characterize legislative history. That history speaks for itself. Experian denies any allegations inconsistent with it. To the extent a further response is required, Experian denies the allegations of paragraph 3.

4. Paragraph 4 and footnote 3 quote or characterize the FCRA. The FCRA speaks for itself. Experian denies any allegations inconsistent with it. To the extent a further response is required, Experian denies the allegations of paragraph 4.

5. Experian denies the allegations of paragraph 5.

6. Experian denies the allegations of paragraph 6.

7. Paragraph 7 states a legal conclusion that requires no response. To the extent a response is required, Experian states that the FCRA speaks for itself and denies that it violated the FCRA or any other law. Experian denies any remaining allegations.

8. Experian denies the allegations of paragraph 8.

9. Experian denies the allegations of paragraph 9.

10. Experian admits that Plaintiff purports to invoke this Court's jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Experian denies that the Court has jurisdiction because Plaintiff has not alleged standing.

11. Experian admits that it is governed by the FCRA but does not admit the Court's jurisdiction or waive any jurisdictional defense.

12. Experian admits that Plaintiff purports to allege that venue is proper under 28 U.S.C. § 1391(b)(2). To the extent further response is required, Experian denies that any event or omission gives rise to a claim against Experian.

13. Experian admits that Plaintiff is a natural person. Experian lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 13, and denies them on that basis.

14. Experian admits that Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

15. Experian admits that it is an Ohio corporation with its principal business address at 475 Anton Boulevard, Costa Mesa, California 92626. Except as specifically admitted, Experian denies the allegations of paragraph 15.

16. Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Footnote 4 purports to quote the FCRA, which speaks for itself. Except as specifically admitted, Experian denies the allegations of paragraph 16.

17. Paragraph 17 states a legal conclusion that requires no response. To the extent a response is required, Experian states that the FCRA speaks for itself and denies that it violated the FCRA or any other law. Experian denies any remaining allegations.

18. Experian admits that it may be served with process through its registered agent in Texas, C T Corporation System, in Dallas, Texas.

19. Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19, and denies them on that basis.

20. Experian denies that its disclosure omitted information the FCRA required it to disclose. Experian lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 20, and denies them on that basis.

21. Experian denies that it violated the FCRA or any other law. Experian admits that Plaintiff's disclosures did not include unmasked account numbers, but denies the remaining allegations.

22. Experian denies that it violated the FCRA or any other law. Experian admits that Plaintiff's disclosures did not include unmasked account numbers, but denies the remaining allegations.

23. Experian denies that Plaintiff's unmasked account numbers are part of his credit file. Experian lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 23, and denies them on that basis.

24. Experian denies the allegations of paragraph 24.

25. Paragraph 25 states a legal conclusion that requires no response. To the extent a response is required, Experian states that the FCRA speaks for itself and denies any allegations inconsistent with it.

26. Experian denies the allegations of paragraph 26.

27. Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27, and denies them on that basis.

28. Experian denies that it violated the FCRA or any other law. Experian lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 28, and denies them on that basis.

29. Experian denies that it violated the FCRA or any other law. Experian lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 29, and denies them on that basis.

30. Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30 and footnote 5, and denies them on that basis.

31. Experian denies the allegations of paragraph 31.

32. Experian denies the allegations of paragraph 32.

33. Experian denies that it violated the FCRA or any other law. Footnote 6 and Exhibit C quote or characterize documents that speak for themselves. Experian denies any allegations inconsistent with them. Experian lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 33, and denies them on that basis.

34. Experian incorporates its responses to paragraphs 1 through 33 as if fully set forth herein.

35. Paragraph 35 characterizes the FCRA, which speaks for itself. Experian denies any allegations inconsistent with it.

36. Experian denies the allegations of paragraph 36.

37. Experian denies the allegations of paragraph 37.

38. Experian denies the allegations of paragraph 38.

39. Experian denies the allegations of paragraph 39. Experian denies that Plaintiff is entitled to statutory damages, punitive damages, costs, or any other relief.

40. Experian incorporates its responses to paragraphs 1 through 39 as if fully set forth herein.

41. Paragraph 41 characterizes the FCRA, which speaks for itself. Experian denies any allegations inconsistent with it.

42. Experian denies the allegations of paragraph 42.

43. Experian denies that it violated the FCRA or any other law. Experian lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 43, and denies them on that basis.

44. Experian denies the allegations of paragraph 44.

45. Experian denies the allegations of paragraph 45. Experian denies that Plaintiff is entitled to statutory damages, punitive damages, costs, or any other relief.

46. Experian admits that Plaintiff demands a trial by jury on all issues so triable.

47. Experian denies that Plaintiff is entitled to any of the relief whatsoever against Experian.

## GENERAL DENIAL

Experian denies each and every allegation of the Amended Complaint not specifically admitted herein, including any allegations contained in headings, footnotes, or exhibits.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Amended Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them:

### FIRST AFFIRMATIVE DEFENSE
### (Standing / No Concrete Injury)

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks Article III standing. Plaintiff has not suffered a concrete injury in fact traceable to Experian's conduct that is redressable by a favorable judicial decision.

### SECOND AFFIRMATIVE DEFENSE
### (Statutory Compliance)

Plaintiff's claims are barred because Experian's disclosures to Plaintiff complied with 15 U.S.C. § 1681g(a)(1), § 1681g(a)(2), and all other applicable provisions of the FCRA.

**THIRD AFFIRMATIVE DEFENSE**
**(Lack of Willfulness)**

Experian's conduct was not willful within the meaning of 15 U.S.C. § 1681n. Any noncompliance by Experian, which Experian denies, was not knowing or reckless. Plaintiff is therefore not entitled to statutory or punitive damages under § 1681n.

**FOURTH AFFIRMATIVE DEFENSE**
**(Attorney's Fees)**

Experian is entitled to attorney's fees if the Court determines that Plaintiff filed an unsuccessful pleading, motion, or other paper in connection with this action in bad faith or for purposes of harassment. See 15 U.S.C. §§ 1681n(c), 1681o(b).

**FIFTH AFFIRMATIVE DEFENSE**
**(Truth/Accuracy of Information)**

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff, and all disclosures Experian provided to Plaintiff, were true and accurate.

**SIXTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights)**

Experian reserves the right to assert additional defenses as they become apparent through further investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Amended Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit herein incurred, and for attorney's fees to the extent permitted by 15 U.S.C. §§ 1681n(c) and 1681o(b); and

(3) For such other and further relief as the Court may deem just and proper.

DATED: October 19, 2026

Respectfully Submitted,

By: *<u>/s/ Steven J. Owens</u>*
Steven J. Owens
State Bar No. 24098212
SDTX Fed. Bar No. 3504157
SOwens@kasowitz.com
KASOWITZ LLP
1415 Louisiana Street, Suite 2100
Houston, Texas 77002
(713) 220-8800
(713) 222-0843 (fax)

By: *<u>/s/ Jared A. Boone</u>*
Jared A. Boone
JABoone@venable.com
VENABLE LLP
227 W. Monroe Street, Suite 1900
Chicago, IL 60606
312-820-3400
*Admitted Pro Hac Vice*

*Attorneys for Defendant Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2026, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF. I further certify that a true and correct copy of the foregoing document was served on Plaintiff, proceeding *pro se*, via U.S.P.S. First-Class Mail and/or email to:

Morris Williams
9311 FM 1488 RD 30-111
Magnolia, TX 77354
travell2003@yahoo.com

*/s/ Steven J. Owens*
Steven J. Owens